DELTA LAW GROUP
A PROFESSIONAL LAW CORPORATION
JIM G. PRICE, ESQ., SBN 119324
6569 BRENTWOOD BOULEVARD
P.O. BOX 1417
BRENTWOOD, CA 94513
TELEPHONE: 925-516-4686
FACSIMILE: 925-516-4058

Attorneys for Plaintiff
MARIA MUNOZ



FILED

SEP 4 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIA MUNOZ,

        Plaintiff,

v.

LAKESIDE RECEIVABLES LLC, a New
York limited liability company,
DAVID THOMAS, an individual,
and DOES 1 through 20,
inclusive,

        Defendants.

Case No.

**C 13    4108**  KAW

**VERIFIED COMPLAINT FOR DAMAGES**

**JURY TRIAL DEMANDED**

## INTRODUCTION

    1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of

1  jobs, and to invasions of individual privacy.  Congress wrote

2  the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq

3  (hereinafter "FDCPA"), to eliminate abusive debt collection

4  practices by debt collectors, to insure that those debt

5  collectors who refrain from using abusive debt collection

6  practices are not competitively disadvantaged, and to promote

7  consistent State action to protect consumers against debt

8  collection abuses.[1]

9

10  2.    The California legislature has determined that the

11  banking and credit system and grantors of credit to consumers

12  are dependent upon the collection of just and owing debts and

13  that unfair or deceptive collection practices undermine the

14  public confidence that is essential to the continued functioning

15  of the banking and credit system and sound extensions of credit

16  to consumers.  The Legislature has further determined that there

17  is a need to ensure that debt collectors exercise this

18  responsibility with fairness, honesty and due regard for the

19  debtor's rights and that debt collectors must be prohibited from

20  engaging in unfair or deceptive acts or practices.[2]

21  3.    MARIA MUNOZ (hereinafter "Plaintiff"), by Plaintiff's

22  attorneys, brings this action to challenge the actions of

23

24  _____

[1] 15 U.S.C. 1692(a)-(e)

25

[2] Cal. Civ. Code 1788.1(a)-(b)

VERIFIED COMPLAINT FOR DAMAGES

Page 2

LAKESIDE RECEIVABLES LLC, (hereinafter "Defendant LAKESIDE") and DAVID THOMAS (hereinafter "Defendant THOMAS"), with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

4.    For the purposes of this Verified Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

## JURISDICTION AND VENUE

5.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

6.    This action arises out of Defendants' violations of the following:  the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

7.    Because Defendants do business within the State of California, personal jurisdiction is established.

8.    Venue is proper pursuant to 28 U.S.C. §1391.

///

///

VERIFIED COMPLAINT FOR DAMAGES

## PARTIES

9.   Plaintiff is a natural person who resides in the County of Contra Costa, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.   Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is "debtor" as that term is defined by California Civil Code § 1788.2(h).

11.   Plaintiff is informed and believes, and thereon alleges, that Defendant LAKESIDE is a company operating from the City of Amherst, State of New York.

12.   Plaintiff is informed and believes, and thereon alleges, that Defendant THOMAS, as an agent of Defendant LAKESIDE, conducted business from the City of Amherst, County of Erie, State of New York.

13.   Plaintiff is informed and believes, and thereon alleges, that Defendants are persons who use an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due

1  another and are "debt collectors" as that term is defined in 15

2  U.S.C. § 1692a(6).

3      14.  Plaintiff is informed and believes, and thereon

4  alleges, that Defendants are not attorneys or counselors at law

5  and are persons who, in the ordinary course of business,

6  regularly, on behalf of themselves or others, engages in debt

7  collection as that term is defined by California Civil Code §

8  1788.2(b), and are "debt collectors" as that term is defined by

9  California Civil Code § 1788.2(c).

10      15.  This case involves money, property or their

11  equivalent, due or owing or alleged to be due or owing from a

12  natural person by reason of a consumer credit transaction.  As

13  such, this action arises out of a "consumer debt" and "consumer

14  credit" as those terms are defined by Cal. Civ. Code §

15  1788.2(f).

16  
17  **FACTUAL ALLEGATIONS**

18      16.  At all times relevant, Plaintiff is an individual

19  residing within the State of California.

20      17.  Plaintiffs are informed and believe, and thereon

21  allege, that at all times relevant Defendants conducted business

22  in the State of California.

23      18.  Plaintiff received a phone call from Defendant THOMAS

24  with Defendant LAKESIDE on April 22, 2013.  He told her he had

25  spoken to a couple people at Food Source, Plaintiff's former

place of employment.  On April 26, 2013, Plaintiff went into Food Source and asked if a David Thomas had ever called looking for her.  One worker said yes and that he had called and said he was looking for Maria Munoz, that it was urgent, and had to do with check fraud.  The worker told David Thomas that Plaintiff no longer worked there.  Mr. Thomas then asked the worker to pass along the message.

19.  David Thomas has also called Plaintiff's husband many times and told him that if Plaintiff does not fix this matter that he, David Thomas, was going to forward it to the District Attorney's office and that Plaintiff might go to jail, so Plaintiff needed to contact him.

20.  David Thomas also called the house phone number of Plaintiff's mother and spoke to Plaintiff's daughter. Plaintiff's daughter told him that Plaintiff did not live there. David Thomas told her he needed to get a hold of Plaintiff about a matter involving check fraud, Case No. CV-661 and that Plaintiff needed to call him today before 2:00 p.m. or he was going to start calling a list of numbers he had and that he had phone numbers for Plaintiff's brothers and sisters.

21.  These financial obligations were primarily for personal, family, or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

22.  Plaintiff is informed and believes, and thereon alleges, that before April 12, 2012, the alleged debt was assigned, placed, or otherwise transferred, to Defendant GTS for collection.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

23.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.  The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to §§ 1692b(6), 1692c(a)(2), 1692d, 1692e, 1692e(2), and 1692f of the FDCPA, 15 U.S.C. § 1692 et seq.

25.  As a result of each and every Defendants' violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendants.

///

///

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### §§ 1788-1788.32 (RFDCPA)

26.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.   The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA.

28.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

### FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) in an amount to be adduced at trial, from Defendants;

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendants;

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendants;

- an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendants;

- an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendants.

**<u>TRIAL BY JURY</u>**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: August 28, 2013          Respectfully submitted,

DELTA LAW GROUP

BY: _____
    JIM G. PRICE
    Attorneys for Plaintiff
    MARIA MUNOZ

1

## VERIFICATION

2

3        I, MARIA MUNOZ, declare:

4        I am the Plaintiff in this action.  I have read the foregoing

5    document entitled:  **VERIFIED COMPLAINT FOR DAMAGES** and know the

6    contents thereof.  The same is true of my own knowledge, except as

7    to those matters stated therein on information and belief, and as

8    to those matters I believe them to be true.

9        I declare under penalty of perjury under the laws of the

10   State of California that the foregoing is true and correct.

11       Executed on this 22nd day of August, 2013, at Brentwood,

12   California.

13

14

15   _____
         MARIA MUNOZ

16

17

18

19

20

21

22

23

24

25